# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Harold C. Mason, MD** <br> Pro Se <br> Litigant/Plaintiff | ) ) ) ) ) ) ) | |
| Vs. | ) ) ) | NO. **1:14CV1407** |
| | ) ) | JUDGE NUGENT |
| **Michael L. Nochomovitz, MD and** <br> **University Primary Care Practices, Inc.** <br> Respondent/Defendant | ) ) ) ) ) | |

## AMENDED COMPLAINT

Now comes the Plaintiff and would show unto this Honorable Court the following in support of its complaint:

1. The Plaintiff is a resident of 2621 N. Moreland Blvd., #203, Cleveland, Ohio, 44120.

2. The defendant is a corporation chartered in and registered to do business in the State of Ohio at Chagrin Highlands Urgent Care, 3909 Orange Place, Beachwood, Ohio 44122.

3. This action is brought under Federal jurisdiction on the basis of:
   a. 42 U.S.C. Sec. 12101 Title 1 of The Americans' with Disabilities Act of 1990
   b. 42 U.S.C. Sec. 2000e The Civil Rights Act of 1964 (retaliation)

4. The Plaintiff was an applicant for paid training by the defendant at the defendant's Chagrin Highlands Urgent Care on April 30, 2014.

5. The Plaintiff was diagnosed with bipolar disorder on or about October 2001 (exhibit A).

6. Despite his psychiatric condition, the Plaintiff completed a Medical Degree (M.D.) at Case Western Reserve University School of Medicine in May 2002. He successfully completed residency training in family medicine as the Chief Administrative Resident at The Mt. Carmel Healthcare System, Columbus, Ohio in July 2009.

7. He has worked as a locums tenens (travel) physician since August 1, 2011. His most recent employer has been CenseoHealth, based in Dallas, Texas; for whom he has performed approximately thirteen hundred in-home medical examinations across the state of Ohio from March 2013 to the present day (exhibit B).

8. The Plaintiff was honorably discharged from the United States Army on April 25, 2004 with a medical diagnosis that existed prior to service (EPTS) (exhibit C).

9. On March 1, 2011 the Plaintiff had an independent contract to work with geriatrics patients revoked by the Defendant based on the fact that he had a probationary license to practice medicine in the State of Ohio (exhibit D). The rationale for that probationary license was the Plaintiff's psychiatric diagnosis as authorized by Ohio Administrative Code 4731-13-36.

10. The Plaintiff filed a lawsuit in Cuyahoga County Municipal Court charging breach of contract and disability discrimination on March 8, 2011, case number CV-11-750440 (exhibit E). These charges were subsequently withdrawn.

11. The Plaintiff was subsequently issued an active and unrestricted license to practice medicine in the State of Ohio on or about June 2011 (exhibit F).

12. The Plaintiff provided the Defendant with three letters of recommendations prior to the April 30, 2014 interview (exhibits G-I).

13. The Plaintiff interviewed with five physicians affiliated with University Primary Care Practices, Inc. on April 30, 2014. Those physicians were Dr. Natasha Ruiz, Dr. Sean McNeeley, Dr. Jill Miller, Dr. Brett Kaplan and Dr. Tanksley.

14. Dr. Jill Miller interrogated the Plaintiff regarding his sexual orientation during the course of the interview. She conducted an impromptu introduction to one of her "best friends" during the interview via a mobile phone and stated that she was "Black" and interested in dating.

15. On May 1, 2014, The Plaintiff was informed via e-mail correspondence that he had been accepted for fellowship training. He was informed that a contract would be created by the "Legal Department" and it would be mailed within the coming weeks (exhibit J).

16. On May 14, 2014, The Plaintiff received e-mail correspondence from Dr. Michael

Nochomovitz of University Primary Care Practices, Inc. stating that no contract would be offered (exhibit K).

17. On May 22, 2014, The Plaintiff received correspondence from the Defendant justifying the refusal to hire on the basis of "your history of baseless litigation against UH" (exhibit L). This correspondence exemplifies retaliation for previous charges of discrimination that is in violation of Title VII of The Civil Rights Act of 1964.

18. On June 20, 2014, The Plaintiff received a "right-to-sue" determination from the Equal Employment Opportunity Commission (exhibit M).

WHEREFORE, The Plaintiff prays that upon a hearing upon this Court an injunction be granted for The Plaintiff's admission for fellowship training in urgent care medicine. The Plaintiff prays that if an injunction for educational training is not granted, that punitive and compensatory damages be awarded to the Plaintiff.

The Plaintiff further prays for relief from court fees which this Court may grant and which this Court feels the Plaintiff to be entitled. Plaintiff demands that jury try its cause.

Respectfully submitted,

*/s/ Harold C. Mason, MD*

Harold C. Mason, MD
2621 N. Moreland Blvd., #203
Cleveland, OH 44120
(216) 338-0136
hmasonmd@hushmail.com

~~May 22, 2014~~ error July 11, 2014