IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD C. MASON, | ) | CASE NO.: 1:14CV1407 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| MICHAEL L. NOCHOMOVITZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANTS
MICHAEL L. NOCHOMOVITZ AND UNIVERSITY PRIMARY CARE PRACTICES,
D/B/A UNIVERSITY HOSPITALS MEDICAL PRACTICES**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Michael L. Nochomovitz and University Primary Care Practices, d/b/a University Hospitals Medical Practices move for judgment on the pleadings on all claims asserted in Plaintiff Harold C. Mason's ("Plaintiff") Amended Complaint because Plaintiff has failed to exhaust his administrative remedies and the Amended Complaint fails to state a claim upon which relief can be granted. A brief Memorandum in Support of this Motion is attached.

Respectfully submitted,

*/s/ Heather M. Lutz*
David A. Campbell (0066494)
Heather M. Lutz (0082237)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
Email: dacampbell@vorys.com
hmlutz@vorys.com

*Attorneys for Defendants University Primary Care
Practices and Michael L. Nochomovitz, MD*

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

Plaintiff Harold C. Mason ("Plaintiff") asserts claims under the Americans with Disabilities Act, 42 U.S.C. §12101 (the "ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII") against Defendants Michael L. Nochomovitz ("Nochomovitz") and University Primary Care Practices, d/b/a University Hospitals Medical Practices ("UHMP") (collectively, "Defendants").  This Motion seeks judgment in favor of Defendants on both claims because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.

**II.   PLAINTIFF'S FAILURE TO EXHAUST**

The Amended Complaint attaches a right-to-sue letter sent by the Equal Employment Opportunity Commission (the "EEOC") to Plaintiff on June 20, 2014.  (Amended Complaint at ¶18 and Ex. M).  The Amended Complaint does not assert that Plaintiff filed a charge of discrimination with either the EEOC or the Ohio Civil Rights Commission (the "OCRC").  (*See* Amended Complaint).  In addition, the Amended Complaint does not attach either an EEOC charge or an OCRC charge filed against Defendants.  (*See* Amended Complaint).

The right-to-sue letter indicates that it was issued by the EEOC at Plaintiff's request.  (Amended Complaint at ¶18 and Ex. M).  On June 9, 2014, Defendants received a Notice of Charge of Discrimination from the EEOC.  (*See* Declaration of David Campbell at ¶3, Ex. 2 (hereinafter "Dec. Counsel at __") attached hereto as Exhibit 1).  The Notice of Charge advised Defendants that no action was required on their parts at that time.  (Dec. Counsel at ¶4, Ex. 2).  Most importantly, the Notice of Charge informed Defendants that a signed charge had not yet been submitted by Plaintiff.  (Dec. Counsel at ¶4, Ex. 2).  Defendants were advised that a copy of the signed charge would be sent to Defendants once the EEOC received it from Plaintiff.  (Dec.

2

Counsel at ¶4, Ex. 2). Defendants never received a charge of discrimination from either the EEOC or Plaintiff. (Dec. Counsel at ¶4).

## III. ARGUMENT

### A. Standard Of Review.

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed. The Sixth Circuit applies the Rule 12(b)(6) standard of review to motions under Rule 12(c). *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). This Court may consider the Notice of Charge of Discrimination when deciding this motion because a district court may consider EEOC charge-related documents when deciding a motion to dismiss. *Williams v. Steak 'N Shake*, No. 5:11cv833, 2011 U.S. Dist. LEXIS 91769 (N.D. Ohio Aug. 17, 2011).

Under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, a complaint must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Judgment Should Be Entered In Favor Of Defendants Because Plaintiff Failed To Exhaust His Administrative Remedies.

It is well established that "[b]efore a plaintiff may sue under Title VII in federal court, she must first exhaust her administrative remedies, one component of which is timely filing a 'charge' with the EEOC." *Williams v. CSX Transportation Co., Inc.*, 643 F.3d 502, 507-508 (6th Cir. 2011) (quoting 42 U.S.C. § 2000e-5(e),(f); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359,

3

362 (6th Cir. 2010)). In *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), the Supreme Court addressed the what constitutes a "charge" under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (the "ADEA"). *Holowecki*, 552 U.S. at 393. The Sixth Circuit has applied *Holowecki* to Title VII and other federal employment statutes that have nearly identical charge filing requirements. *Williams*, 643 F.3d at fn. 2,

Based on the regulations and *Holowecki*, the Sixth Circuit requires an EEOC filing to meet three requirements before it is considered "a 'charge' that is necessary to exhaust an employee's administrative remedies under Title VII." *Williams*, 643 F.3d at 509. The three requirements are that the EEOC filing "(1) must be 'verified' – that is, submitted under oath or penalty of perjury, (2) must contain information that is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of,' and (3) must comply with *Holowecki* that is, an 'objective observer' must believe that the filing 'taken as a whole' suggest that the employee 'requests the agency to activate its machinery and remedial processes.'" *Williams*, 643 F.3d 509 (citing 29 C.F.R. §1601.3(a); 29 C.F.R. §1601.12(b), and *Holowecki*, 552 U.S. at 398).

In this matter, Plaintiff's EEOC filing does not meet any of the three *Williams* requirements. The EEOC mailed notice of a charge to Defendants on June 5, 2014. At that time, the EEOC informed Defendants that a verified charge had not yet been signed by Plaintiff and, if Plaintiff signed a verified charge, it would be provided to Defendants. No verified charge was provided to Defendants. Rather, two weeks later, on June 20, 2014, the EEOC issued a right-to-sue notice at Plaintiff's request. Accordingly, because Plaintiff never verified his EEOC filings and Defendants never received any documents beyond a notice of a charge, Defendants have no notice from the EEOC of the practices being challenged by Plaintiff and no objective observer

could disagree with Defendants' position. Therefore, Plaintiff has not met the charge filing requirement of his claims and judgment should be entered in favor of Defendants.

## IV. CONCLUSION

Based on the above-cited arguments and authorities, judgment should be entered in favor of Defendants on all claims asserted by Plaintiff in the Amended Complaint because Plaintiff failed to exhaust his administrative remedies.

                                      Respectfully submitted,

                                      */s/ Heather M. Lutz*
                                      David A. Campbell (0066494)
                                      Heather M. Lutz (0082237)
                                      Vorys, Sater, Seymour and Pease LLP
                                      200 Public Square, Suite 1400
                                      Cleveland, Ohio 44114
                                      Telephone: (216) 479-6100
                                      Facsimile: (216) 479-6060
                                              dacampbell@vorys.com
                                              hmlutz@vorys.com

                                      *Attorneys for Defendants University Primary Care*
                                      *Practices and Michael L. Nochomovitz, MD*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 24, 2014, the foregoing document was sent via the Court's electronic filing system to all parties of record with the Court on the date of filing. Notice of this filing will be served to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        */s/ Heather M. Lutz*
                                        One of the Attorneys for
                                        Defendants University Primary Care Practices and
                                        Michael L. Nochomovitz, MD