IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| HAROLD MASON, | ) | CASE NO. 1:14-CV-1407 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL NOCHOMOVITZ, *et al.*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |

This matter is before the United States Magistrate Judge on referral for general pretrial supervision, including the preparation of reports and recommendations for the disposition of case dispositive motions. (Doc. No. 4). Plaintiff Harold Mason proceeds *pro se* and asserts claims that Defendants Michael Nochomovitz and University Primary Care Practices, d/b/a University Hospitals Medical Practices ("UHMP") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 (the "ADA").[1]

Currently pending before the Court is Defendant Nochomovitz's motion for judgment on the pleadings. (Doc. No. 17). For the reasons set forth below, the Magistrate Judge recommends that Defendant's motion be GRANTED.

## I. FACTS

In his amended complaint, Plaintiff Harold Mason alleges that he was denied a position for paid fellowship training in urgent care medicine with Defendant UHMP around May 2014.

---

[1] During the December 13, 2014, case management conference, Plaintiff indicated an intent to voluntarily dismiss any ADA claims from his amended complaint. (Doc. No. 25). However, Plaintiff has not yet filed a notice of dismissal in order to properly remove ADA claims from the suit.

1

(Doc. No. 3).  Plaintiff represents that he obtained his medical degree and completed residency training around July 2009. (*Id.* at ¶ 6).

According to Plaintiff, in March 2011, Defendant UHMP revoked an independent contract it had entered into with Plaintiff to work with geriatrics patients. (*Id.* at ¶ 9).  Plaintiff maintains that UHMP revoked the contract because at the time, he had only a probationary license to practice medicine due to a prior diagnosis of bipolar disorder. (*Id.*).  Following the revocation, Plaintiff filed suit in Cuyahoga County Municipal Court alleging breach of contract and disability discrimination against UHMP. (*Id.*).  Plaintiff ultimately withdrew the claims. (*Id.*).

A few years later, in the spring of 2014, Plaintiff applied for a paid fellowship training position with UHMP. (*Id.* at ¶ 4).  Following an interview process, UHMP informed Plaintiff via email on May 1, 2014, that he would be accepted for the position and a contract would be mailed to him within the coming weeks. (*Id.* ¶ 13, 15).  However, on May 14, 2014, Defendant Nochomovitz, president and chief medical officer of UHMP, notified Plaintiff that no contract would be offered. (*Id.* at ¶ 16, Doc. No. 3-11).  A few days later, UHMP sent Plaintiff a letter explaining that it refused to hire Plaintiff due to his "history of baseless litigation against UH." (Doc. No. 3 at ¶17).

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings any time after the pleadings are closed, but early enough not to delay trial.  The standard of review for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ziegler v. IBP Hog Market,*

*Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (*citing Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Nevertheless, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon*, 193 F.3d at 400 (*citing Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted). Courts generally do not consider matters outside the pleadings when reviewing Rule 12(b)(6) motions, but they may consider exhibits attached to the pleadings if those exhibits are referenced in the pleadings and are central to the claims. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88-89 (6th Cir. 1997).

### III. LAW & ANALYSIS

In his motion, Defendant Nochomovitz requests that any Title VII and ADA claims against him be dismissed, because the Sixth Circuit has established that individual liability cannot lie under Title VII or the ADA. Plaintiff counters that the language of Title VII permits him to sue Nochomovitz. In support of this proposition, Plaintiff cites to *Kolb v. State of Ohio, Department of Mental Retardation & Developmental Disabilities*, 721 F. Supp. 885, 891 (N.D. Ohio July 10, 1989), where the district court found that "individuals who are charged with the

responsibility of making and/or contributing to employment decisions for the defendant employer may be liable as its agents under Title VII."

In *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997), the Sixth Circuit rejected the argument that the use of the term "agent" in the statutory definition of "employer"[2] under Title VII was intended to permit supervisors to be sued in their individual capacities. *Id.* at 405-06. The court unambiguously held that supervisors or coworkers may not be held personally liable, provided that the individuals themselves cannot be classified as "employers" under Title VII. *Id.* at 405. Since *Wathen*, courts in this jurisdiction have refused to recognize individual liability under Title VII. *See, e.g., Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000); *Dille v. Laborers' Local 310*, No. 1:14-CV-1451, 2014 WL 6473606, at *2 (N.D. Ohio Nov. 18, 2014); *Banks-Bey v. Acxiom*, No. 1:09-CV-1249, 2010 WL 395221, *4 (N.D. Ohio Jan. 27, 2010) (individual defendants who were part of corporation's management staff are not considered "employers" under Title VII).

It is also well-established in the Sixth Circuit that the ADA does not impose liability upon individuals. *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases.").

Defendant Nochomovitz seeks to dismiss Plaintiff's Title VII and ADA claims on the basis that they cannot be brought against him in his individual capacity. To the extent that the

---

[2] Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees [ . . . ] and any agent of such person." 42 U.S.C. § 2000e(b).

complaint sets out Title VII and ADA claims against Nochomovitz in his individual capacity, they are not cognizable. Controlling precedent in the jurisdiction bars individual liability under Title VII and the ADA. Plaintiff has not shown that Nochomovitz otherwise qualifies as his "employer." Accordingly, Plaintiff's Title VII and ADA claims as to Defendant Nochomovitz in his individual capacity should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Defendant Nochomovitz's motion for judgment on the pleadings (Doc. No. 17) be GRANTED.

/s Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: February 20, 2015.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).