IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Harold C. Mason, MD ) ) ) Pro Se ) Litigant/Plaintiff ) ) ) Vs. ) ) ) ) Michael L. Nochomovitz, MD and ) University Primary Care Practices, Inc. ) Respondent/Defendant ) ) | NO.  1:14CV1407  JUDGE MCHARGH |

SUPPLEMENTAL PLEADING IN SUPPORT OF MEMORANDUM IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

In accordance with Federal Rule of Civil Procedure 15(d) and the Court's order of February 20, 2015 granting a request to file a supplemental brief, the Plaintiff files the following argument against the Defendant's motion for judgment on the pleadings of November 24, 2014.

A. Motion to Dismiss

The Defendant cites Federal Rule of Civil Procedure 12(b)(6) and states that the Plaintiff has failed to state a claim upon which relief can be granted.  This argument is incorrect. The Plaintiff, in his amended complaint, clearly cites a violation of The Civil Rights Act of 1964 in paragraph 3(b). The Plaintiff goes on to provide factual basis for this claim in paragraph 17 of the amended complaint with a citation of correspondence from Paul T. Kostyack, Esq., associate general counsel of University Hospitals. A copy of this correspondence is presented as Exhibit L of the amended complaint and is attached here

as exhibit 1. Therefore, the Plaintiff has satisfied the *Ashcroft v. Iqbal* requirement for "a claim to relief that is plausible on its face". The Plaintiff's amended complaint has provided the Court factual content upon which the Court can reasonably infer that the Defendant is liable for misconduct and "When there are well pleaded factual allegations, a court should assume their veracity…" *Ashcroft v. Iqbal* 556 US 662. Therefore, there is no basis for dismissal of the complaint.

B. Failure to Exhaust Administrative Remedies

The Defendant claims that the Plaintiff failed to exhaust administrative remedies. This argument is also incorrect. The Equal Employment Opportunity Commission has clearly reviewed the initial claim and issued a right-to-sue determination. In accordance with the Code of Federal Regulations 1601.28 (a)(2), if the claimant requests a right-to-sue determination, such right-to-sue determination can appropriately be issued if a representative of the Equal Employment Opportunity Commission has reviewed the claim and determined that it is not likely to be administratively processed within one hundred eighty days. The Plaintiff has presented documentation of such review in the form of a copy of the right-to-sue determination presented as Exhibit M in the amended complaint and presents it again here as Exhibit 2.

The Defendant continues by citing a Sixth Circuit Appellate decision in *Williams v. CSX Transportation* 643 F. 3d 502 and a United States Supreme Court decision in *Federal Express v. Holowecki* 552 US 389 that establish strict criteria to define a valid Equal Employment Opportunity Charge. The Plaintiff did in fact file a charge against the Defendant meeting these three criteria. First, the Plaintiff signed a "Charge of Discrimination" on June 20, 2014 under oath as "Dr. Harold C. Mason" (Exhibit 3). Second, the Equal Employment Opportunity Charge of Discrimination clearly cites "University Hospitals Health System" as the employer "… That I Believe Discriminated

against Me or Others" and Michael Nochomovitz, M.D. is also named in the charge. The charge includes multiple violations of federal law to include Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 and the Americans with Disabilities Act of 1990. A representative of the Equal Employment Opportunity Commission has signed and acknowledged the charge as "Leona J. Smith" on June 20, 2014. Finally, The Sixth District Appellate Court itself has ruled that a failure to exhaust administrative remedies is not grounds for dismissal of a retaliation claim in *Adamov v. U.S. Bank National Association* 726 F. 3d 851, "Because Congress has not explicitly restricted the court's jurisdiction in cases where a plaintiff has not exhausted administrative remedies, a district court may not dismiss the claim on jurisdictional grounds." This decision was rendered on August 13, 2013.  Therefore, even if the Plaintiff failed to exhaust administrative remedies, the Court still has a responsibility to review his claim.

C. Retaliation

The Plaintiff acknowledges that the aforementioned Equal Employment Opportunity Charge of Discrimination does not explicitly mention retaliation as one of the charges against the Defendant. However The United States Supreme Court has ruled in *McDonnell Douglas Corp. v Green* 411 US 792 that "[Title VII of the Civil Rights Act of 1964] does not restrict a complainant's right to sue to those charges as to which the [EEOC] Commission has made findings of reasonable cause, and we will not engraft on the statute a requirement which may inhibit the review of claims of employment discrimination in the federal courts." Additionally, in *Arbaugh v. Y&H Corporation* 546 US 500, the United States Supreme Court ruled that if a Federal Court has subject matter jurisdiction then a case should be heard. "Moreover courts, including this Court, have an independent obligation to determine if subject matter jurisdiction exists…". United

States Supreme Court Justice Ginsburg rendered this majority opinion on February 22, 2006. The Plaintiff has clearly made a charge of retaliation in accordance with Title VII of the Civil Rights Act of 1964. This charge is in the jurisdiction of the Federal Court. In sum, procedural requirements have been met and jurisdiction is appropriate. The Plaintiff's claim of retaliation should not be dismissed.

    *Harold C. Mason, MD*
Harold C. Mason, MD
Pro Se Litigant
2621 N. Moreland Blvd., #203
Cleveland, OH 44120
hmasonmd@hushmail.com

Certificate of Service

I, Harold C. Mason, MD, pro se litigant, affirm that this document is filed via the Court's electronic filing system on this day Sunday, March 8, 2015. Notice of filing will occur via the Court's electronic notification system.

      __*Harold C. Mason, MD*__
      Harold C. Mason, MD
      Pro Se Litigant
      2621 N. Moreland Blvd., #203
      Cleveland, OH 44120
      hmasonmd@hushmail.com