IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| HAROLD MASON, | ) | CASE NO. 1:14-CV-1407 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD NUGENT |
| v. | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| UNIVERSITY PRIMARY CARE | ) | |
| PRACTICES, INC., | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the United States Magistrate Judge on referral for general pretrial supervision, including the preparation of reports and recommendations for the disposition of case dispositive motions. (Doc. No. 4).  Plaintiff Harold Mason proceeds *pro se* and asserts claims that Defendant University Primary Care Practices, d/b/a University Hospitals Medical Practices ("UHMP"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 (the "ADA").

Currently pending before the Court is Plaintiff's motion to strike in which Plaintiff requests that the Court strike from his complaint any claims arising under the ADA. (Doc. No. 32).  Defendant has not filed an opposition to the motion.

Also before the Court is Defendant's motion for judgment on the pleadings, (Doc. No. 14), Plaintiff's opposition to the motion (Doc. No. 16), Defendant's reply (Doc. No. 18), Plaintiff's supplemental pleading in opposition to the motion (Doc. No. 34), and Defendant's opposition to the supplement. (Doc. No. 35).

For the reasons set forth below, the Magistrate Judge recommends that Plaintiff's motion to strike be GRANTED and Defendant's motion for judgment on the pleadings be DENIED.

## I.  FACTS & PROCEDURAL HISTORY

Plaintiff Harold Mason obtained his medical degree and completed residency training around July 2009. (Doc. No. 3, at ¶ 6).  According to Plaintiff, in March 2011, Defendant UHMP revoked an independent contract it had entered into with Plaintiff to work with geriatrics patients. (*Id.* at ¶ 9).  Plaintiff maintains that UHMP revoked the contract because at the time, he had only a probationary license to practice medicine due to a prior diagnosis of bipolar disorder. (*Id.*).  Following the revocation, Plaintiff filed suit against UHMP in Cuyahoga County Municipal Court alleging breach of contract and disability discrimination, but subsequently withdrew the claims. (*Id.*).

In the spring of 2014, Plaintiff applied for a paid fellowship training position with UHMP. (*Id.* at ¶ 4).  Following an interview process, UHMP informed Plaintiff via email on May 1, 2014, that he would be accepted for the position and a contract would be mailed to him within the coming weeks. (*Id.* ¶¶ 13, 15).  However, on May 14, 2014, Michael Nochomovitz, president and chief medical officer of UHMP, notified Plaintiff by letter that no contract would be offered. (*Id.* at ¶ 16; Doc. No. 3-11).  A few days later, on May 22, 2014, UHMP sent Plaintiff a second letter explaining that it refused to hire Plaintiff due to his "history of baseless litigation against UH." (Doc. No. 3 at ¶17; Doc. No. 3-12).

On June 5, 2014, the EEOC sent Defendant a "Notice of Charge of Discrimination." (Doc. No. 14-1). The notice advised Defendant that no action was required on its part at that time, and that Plaintiff had not yet submitted a signed charge of discrimination. (*Id.*).  The notice further explained that the EEOC would forward the signed charge to Defendant once Plaintiff

submitted it to the EEOC. (*Id.*).  On June 20, 2014, Plaintiff filed a charge with the EEOC wherein he alleged that, by denying him the previously offered paid fellowship training, Defendant discriminated against him on the basis of race, age, and disability. (Doc. No. 16-1). Also on June 20, 2014, the EEOC issued a right to sue letter at Plaintiff's request. (Doc. No. 3-18).

Plaintiff filed an amended complaint with this Court on July 11, 2014. (Doc. No. 3). In it, he alleges that UHMP's May 22, 2014 letter exemplified retaliation for his prior lawsuit in which he alleged discrimination. (*Id.* at ¶ 17).  Plaintiff attached the right to sue letter to his amended complaint, but did not append the charge of discrimination. Plaintiff subsequently submitted the charge to the Court with his amended opposition to Defendant's motion for judgment on the pleadings. (Doc. No. 16-1).

## II.     LAW & ANALYSIS

### A.  Plaintiff's Motion to Strike

In his motion to strike, Plaintiff requests that the Court strike from the complaint any claims arising under the ADA. (Doc. No. 31).  Plaintiff explains that he moves pursuant to Federal Rule of Civil Procedure 12(f), which allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The appropriate manner for a plaintiff to dismiss a claim is set out in Federal Rule of Civil Procedure 41.  Rule 41 allows a plaintiff to dismiss an action without a court order by filing either: (1) a notice of dismissal before the opposing party serves an answer or motion for summary judgment, or (2) by filing a stipulation of dismissal signed by all the parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii).  The rule further provides that "[u]nless the notice

or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).  An action may also be dismissed at the Plaintiff's request by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2).

Although Plaintiff's motion to strike does not strictly comply with Rule 41, the Court recommends that the motion be construed as sufficient to dismiss his ADA claims.  During the case management conference, Plaintiff expressed his intent to voluntarily dismiss any ADA claims from the amended complaint. (Doc. No. 25).  Thereafter, Plaintiff filed his motion to strike.  Defendant has not objected to the motion.  In its response to Plaintiff's supplemental brief opposing the motion for judgment on the pleadings, Defendant treats ADA claims as being dismissed from the suit. (Doc. No. 35).  Accordingly, Plaintiff's motion to remove any ADA claims from the suit should be granted.

**B.  Defendant's Motion for Judgment on the Pleadings**

**1.  Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings any time after the pleadings are closed, but early enough not to delay trial.  The standard of review for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (*citing Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Nevertheless, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon*, 193 F.3d at 400 (*citing Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted). Courts generally do not consider matters outside the pleadings when reviewing Rule 12(b)(6) motions, but they may consider exhibits attached to the pleadings if those exhibits are referenced in the pleadings and are central to the claims. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88-89 (6th Cir. 1997).

### 2. Analysis

Defendant moves for judgment on the pleadings on the ground that Plaintiff failed to properly exhaust his administrative remedies for his Title VII retaliation claim.

Before a plaintiff may file a Title VII action in federal court, he must exhaust his administrative remedies. *Williams v. CSX Transp. Co.*, 643 F.3d 502, 508 (6th Cir. 2011). Exhaustion has two components:   (1) timely filing a charge of employment discrimination with the EEOC; and (2) receiving and acting upon the EEOC's statutory notice of the right to sue letter. *Granderson v. University of Michigan*, 2006 WL 3627023 (6th Cir. Dec. 12, 2006).

With regard to the first requirement, Title VII does not define what constitutes a "charge," but the Sixth Circuit has set forth three requirements that an EEOC filing must meet in order to exhaust. *Williams*, 643 F.3d at 508-09.  These requirements are that the filing: (1) must

be "verified"; (2) contain information that is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of"; and (3) an "objective observer" must believe that the filing "taken as a whole" suggests that the employee "requests the agency to activate its machinery and remedial processes." _Id._ (citations omitted).

### a.  Verified Charge

At the outset, Defendant claims that Plaintiff has failed to file a properly verified charge of discrimination with the EEOC.  A charge can be verified by being "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, *or* supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a) (emphasis added).

Here, Defendant questions the validity of the charge because Defendant allegedly never received a copy of the document from the EEOC.  Defendant claims it received only a "Notice of Charge of Discrimination" dated June 5, 2014. (Doc. No. 14-1).  In that notice, the EEOC informed Defendant that Plaintiff had not yet filed a verified charge, and, if Plaintiff signed a verified charge, it would be provided to Defendant. (*Id.*).  Defendant represents that the first time it saw a copy of the charge was when it was filed with Plaintiff's opposition to the motion for judgment on the pleadings.

Additionally, Defendant notes that the face of the charge shows that the EEOC received it on June 20, 2014. (Doc. No. 16-1).  Defendant represents that no EEOC investigation was conducted, but the EEOC nevertheless issued a right to sue letter also on June 20, 2014. (Doc. No. 3-13).  Given that the charge and right to sue letter carry the same date, Defendant argues it is unclear whether the EEOC received the charge before or after the right to sue letter was issued.

6

It asserts that Plaintiff has not provided admissible evidence proving the charge was filed prior to the time the EEOC sent the right to sue letter.

At this juncture, the Court finds that Plaintiff has met his burden with regard to presenting evidence of a verified charge. Plaintiff did not attach the document titled "Charge of Discrimination" to the amended complaint. However, he later submitted a copy of the document in response to Defendant's motion for judgment on the pleadings. (Doc. No. 16-1). The document is the standard form the EEOC uses to obtain a charge of discrimination. Mason signed the charge swearing or affirming that he had read the charge and that it was true to the best of his knowledge. Leona J. Smith, an EEOC representative,[1] also signed the form, attesting that Mason had subscribed and sworn to the charge in her presence. The EEOC's stamp appears on the form, indicating that the agency received it on June 20, 2014. There is nothing on the face of the document to suggest that Plaintiff improperly manufactured it. Accordingly, Mason's EEOC filing titled "Charge of Discrimination" meets the technical purpose of verification.

The Court also does not find the validity of the charge undermined by the fact that the charge and right to sue letter carry the same date. The EEOC permits individuals to request a notice of a right to sue before an investigation has concluded. 29 C.F.R. § 1601.28(a)(2). If fewer than 180 days have passed, the EEOC may give notice if it will be unable to finish the investigation within 180 days. Id. Issuance of a notice of a right to sue terminates further proceeding of any charge that is not a Commissioner charge, unless the EEOC determines that it wishes to further process the charge. 29 C.F.R. § 1601.28(a)(3).

Here, in accordance with the regulations, the "Notice of Right to Sue" indicates that it was issued at Plaintiff's request after the EEOC district director determined it was unlikely that

---

[1] While the charge does not identify Ms. Smith, Plaintiff's right to sue letter designates her as an EEOC acting intake supervisor. (Doc. No. 3-13).

7

the agency could complete processing within 180 days. (Doc. No. 3-13).  The EEOC terminated its processing of the charge and closed the case. (*Id.*).  Given that the charge and notice were issued on the same day, it appears that Plaintiff requested the right to sue letter when he filed his charge, and the EEOC processed the charge immediately.  Requesting a right to sue letter concurrent with an EEOC discrimination charge does not constitute a failure to exhaust administrative remedies. *Chavez v. Waterford*, 720 F. Supp. 2d 845, 852-53 (E.D. Mich. 2010) (plaintiff did not err in immediately requesting a right to sue letter from the EEOC, but "did precisely as she was supposed to—she filed the EEOC complaint and also requested the letter"). If there was any error by the EEOC in allegedly failing to send Defendant a copy of the charge, Defendant has not shown how it is attributable to Plaintiff or how it undermines the appropriate steps Plaintiff has taken to exhaust.

### b.  Scope of the Charge

Defendant also asserts that Plaintiff's retaliation claim was beyond the scope of his EEOC charge.  More specifically, Defendant argues that Plaintiff failed to check the box for "retaliation" on the charge and that the facts alleged in the charge are not sufficiently related to Plaintiff's retaliation claim to prompt an investigation of that claim.

In order to properly exhaust, an EEOC charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in the EEOC charge. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001).

Even so, the Sixth Circuit has recognized that where a layperson prepares a charge of discrimination without the assistance of counsel, the charge "should be liberally construed to

encompass all claims reasonably expected to grow out of the charge of discrimination." *See Randolph v. Ohio Dept. of Youth Services*, 453 F.3d 724 (6th Cir. 2006) (internal quotation marks and citation omitted). Thus, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

The failure to check a box on a charge form is not dispositive of whether claimants have exhausted their administrative remedies. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). "[I]t is the facts alleged in the body of the charge, rather than the boxes marked, that primarily determine the scope of the charge." *Ross v. ITT Cleveland Motion Control*, No. 1:09-CV-2220, 2010 WL 779999, at *4 (N.D. Ohio Mar. 2, 2010) (*citing Bray v. Palm Beach Co.*, 907 F.2d 150 (6th Cir. 1990)) (holding that the plaintiff exhausted claims against a defendant who was unnamed in the charge, because a reasonable investigation of the charge addressing the workplace harassment "would have undoubtedly uncovered the fact" that the unnamed defendant ignored the plaintiff's complaints that she was being harassed).

In the present case, Mason failed to check the retaliation box on his EEOC charge. Nor did he specifically use the term "retaliation" in the narrative section of his charge. However, at the time Plaintiff completed the charge, he was not represented by an attorney. Moreover, during the case management conference, Mason explained that he did not prepare the charge himself, but instead recounted his story and potential legal issues to a clerk in the EEOC office, who prepared it for him. *See Tisdale v. Fed. Exp. Corp.*, 415 F.3d 516, 528 (6th Cir. 2005) (that plaintiff's charge was prepared by an EEOC clerk was one circumstance that weighed in favor of

the court's decision not to penalize the plaintiff for failing to reach the correct legal conclusion on the charge).

The charge states that Plaintiff interviewed for the UHMP fellowship position and was subsequently told that he had been selected for the position on May 1, 2014. (Doc. No. 16-1). It goes on to explain that on May 14, 2014, Mason received a letter from Defendant stating that upon further review of his application and the fellowship criteria, UHMP had chosen to pursue other candidates for the application. (*Id.*). The charge does not mention the May 22, 2014, letter from UHMP in which the hospital explained that it refused to hire Plaintiff because of his history of litigation against it. (Doc. Nos. 3-12, 34-1). In his amended complaint, Mason alleges that this letter forms the basis of his retaliation claim. (Doc. No. 3).

Although the charge does not expressly address retaliation, Plaintiff's retaliation claim arises from the same core of operative facts set out in the charge: UHMP's refusal to hire Plaintiff for the fellowship position. UHMP sent its second letter laying out more specific grounds for its refusal to hire Plaintiff only days after the May 14 letter, which was mentioned in the charge. At least at this juncture, the second letter from UHMP could be viewed as indicating that Defendant chose not to hire because Mason exercised his right to file a lawsuit in which he accused UHMP of unlawful discrimination. The May 14 letter shows an awareness of facts to Defendant, and any investigator, that could give rise to a retaliation claim. The text of the charge would have prompted an investigator to examine UHMP's refusal to hire Plaintiff for the urgent care fellowship position. A reasonable investigation would have undoubtedly uncovered the May 22 letter and the potential for a retaliation claim. Accordingly, under the circumstances, the Court concludes that the retaliation claim could reasonably be expected to grow out of the charge

of discrimination. Defendant's motion for judgment on the pleadings should be denied on this ground.

### III.    CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's motion to strike (Doc. No. 32) be GRANTED, and Defendant UHMP's motion for judgment on the pleadings (Doc. No. 14) be DENIED.


/s Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge


Date: June 4, 2015.



ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).