IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD MASON, | ) | CASE NO. 1:14 CV 1407 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| UNIVERSITY PRIMARY CARE PRACTICES, INC., | ) | ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION |
| Defendants. | ) | |

This matter comes before this Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. (ECF # 37). The Report and Recommendation recommends that this Court grant Plaintiff's Motion to Strike (ECF # 32) and deny Defendant's Motion for Judgment on the Pleadings (ECF # 14). *Pro se* Plaintiff Harold Mason claims that Defendant University Primary Care Practices, d/b/a University Hospitals Medical Practices ("UHMP") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VI"). And the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). (ECF #3). Plaintiff moved to strike from his complaint any claims arising under the ADA, and Defendant did not file an opposition to the motion. (ECF # 32). Defendant filed a Motion for Judgment on the Pleadings (ECF # 14), which was followed by Plaintiff's opposition to the motion (ECF # 16), Defendant's reply (ECF # 18), Plaintiff's supplemental pleading in opposition to the motion (ECF # 34), and finally by Defendant's opposition to the supplement (ECF # 35).

With regards to a motion to strike, Federal Rule of Civil Procedure 41 allows a plaintiff to dismiss an action without a court order by filing either: (1) a notice of dismissal before the opposing party serves an answer or motion for summary judgment, or (2) by filing a stipulation of dismissal signed by all the parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). An action may also be dismissed at the Plaintiff's request by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Magistrate Judge McHargh recommends that this Court grant the motion to strike because Defendant did not object to the motion and treated the ADA claims as being dismissed from the suit in its response to Plaintiff's supplemental brief opposing the motion for judgment on the pleadings. (ECF # 37).

Regarding a motion for a judgment on the pleadings, Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings any time after the pleadings are closed, but early enough not to delay trial. Review of a motion brought pursuant to Rule 12(c) for judgment on the pleadings is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss for failure to state a claim. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433,

446 (6th Cir. 2000). On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

Magistrate Judge McHargh recommends this Court deny Defendant's Motion for Judgment on the Pleadings because Plaintiff successfully exhausted his administrative remedies. Plaintiff has met his burden with regard to presenting evidence of a verified charge. (ECF # 37). Further, Magistrate Judge McHargh suggests that although the charge does not expressly address retaliation, Plaintiff's *pro se* retaliation claim arises from the same core of operative facts set out in the charge: UHMP's refusal to hire Plaintiff for the fellowship position.

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b). The Court finds

Magistrate Judge McHargh's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds that Defendant's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate's Report and Recommendation.

The Magistrate's Report and Recommendation fully and correctly addresses all of the Defendant's arguments and the Defendant's objections are unwarranted. This Court, therefore, adopts the Magistrate's Report in its entirety. Accordingly, Plaintiff's motion to strike any ADA claims from the suit are hereby granted. (ECF # 32). Additionally, Defendant's motion for judgment on the pleadings is hereby denied. (ECF # 14). This matter is referred to Magistrate Judge McHargh for pretrial supervision. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: July 31, 2015